**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Criminal No. 7:21-cr-00038 |
| | ) | |
| | ) | By: Robert S. Ballou |
| **ROBERT NELSON BURKS,** | ) | U.S. Magistrate Judge |
| | ) | |
| *Defendant*. | ) | |

**REPORT AND RECOMMENDATION**

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's

informed and written consent, this case was referred to me for the purpose of conducting a plea

hearing.

As set forth in more detail in the Indictment, the Grand Jury previously returned a two

count Indictment. Count One charges that on or about September 15, 2021, this defendant,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess a firearm, to wit two Anderson Manufacturing, model AM-15, multi-caliber

rifles, and a Diamondback Manufacturing, model DB-15, multi-caliber rifle, which had

previously been shipped or transported in interstate or foreign commerce, in violation of Title 18

USC § 922(g)(1).  Count Two charges that on or about September 15, 2021, this defendant,

knowingly possessed, received, concealed, stored, and disposed of stolen firearms, that is the

three abovementioned firearms, which had been shipped and transported in interstate and foreign

commerce, knowing and having reasonable cause to believe that firearms were stolen, in

violation of Title 18 USC § 922(j). All these events were charged as occurring within the

Western Judicial District of Virginia. In addition, the Indictment contains a Notice of Forfeiture

apprising the defendant that his property was subject to forfeiture upon conviction of any one or

more of the felony offenses alleged against him.

The plea hearing was conducted before me on May 18, 2022. The Defendant was at all

times present via videoconference and with his counsel, Benjamin Schiffelbein. The United

States was represented by Kristin Johnson, Assistant United States Attorney. The Defendant,

after consulting with counsel, consented to proceed with the hearing by video teleconference. A

written document titled "Consent to Proceed by Video Conference" was signed by the Defendant

and entered into the record of the court. The proceedings were recorded by ZoomGov. See Fed.

R. Crim. P. 11(g).

A written Statement of Facts signed by the Defendant, his attorney and the attorney for

the Government was filed prior to the plea hearing. With the Defendant's informed and written

consent, I made a Rule 11 inquiry; the Government relied upon the written Statement of Facts for

the purpose of establishing an independent basis for the Defendant's plea; and the Defendant

entered a plea of guilty to the offense originally charged in Count One of the Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant was placed under oath and addressed personally by videoconference. He

expressly acknowledged that he was obligated to testify truthfully in all respects under penalty

of perjury and that he understood the government's right, in a prosecution for perjury or false

statement, to use against him any statement that he gives under oath.  See Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is Robert

Nelson Burks. He is thirty-one (31) years of age, and he completed school through ninth

grade.  He is a citizen of the United States, and is able to read, write, and understand English

2

without difficulty.  He testified that he had no medical condition, either physical or mental,

which might interfere with his ability to understand and to participate fully in the proceeding; he

stated he was using no substance which might impair his ability to participate fully in the

proceeding and that his mind was clear.  He stated that he understood he was appearing in this

videoconference proceeding for the purpose of entering a plea of guilty to a felony offense

which he could not later withdraw.  Upon inquiry, the defendant's attorney represented that he

had no reservations about the defendant's competency to enter a plea of guilty to the felony

offense charged in Count One of the Indictment.

The defendant confirmed that he fully recognized and understood his right to have the

Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written

consent to proceed with the hearing before me.  The defendant's written consent was filed and

made a part of the record.

The defendant acknowledged that he had received a copy of the Indictment; it had

been fully explained to him; he had discussed the charge with his attorney, and he had been

given enough time to do so.  He stated he understood the nature of the charges against him in the

Indictment and specifically understood that it charged felony offenses.  See Rule 11(b)(1)(G).

He stated that his decision to enter a plea of guilty to Count One had been made after consulting

with his attorney.  He stated he was fully satisfied with the services of his attorney, and it was

his intention and desire to enter a guilty plea to the felony offense described in Count One of the

plea agreement.

Counsel for the parties having previously informed the court that the defendant's

proposed plea of guilty was to be made pursuant to a written plea agreement (see Rule 11(c)(2)),

counsel for the government set forth the government's understanding of the plea agreement in

some detail: including the agreement for the defendant to plead guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year (Count One of the Indictment) [¶ A.1]; the defendant's express acknowledgment of the maximum sentence for the offense and any potential mandatory minimum based upon the defendant's prior criminal record [¶ A.1]; the defendant's express understanding of his various potential monetary obligations, including that he may be required to pay fees for his incarceration and supervised release, and that he must pay a $100.00 special assessment per felony count of conviction [¶¶ A.1 & B.4.a]; the defendant's admission of his factual guilt to Count One of the Indictment and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying the said charge to which he was proposing to plead guilty [¶¶ A.1]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration of the United States Sentencing Guidelines" and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the terms of the acceptance of responsibility provision [¶ B.2]; the substantial assistance provision [¶ B.3]; the defendant's financial disclosure obligation [¶ B.4.b]; the scope of the defendant's express waiver of his right of direct appeal [¶ C.1]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2]; the defendant's abandonment of any seized property [¶ C.5]; the defendant's waiver of all rights to access of investigation or prosecution records or

4

information [¶ C.3]; the defendant's various additional obligations, including agreeing not to

obstruct justice, make a false statement, or make or adopt any objections to the presentence report

that are inconsistent with the plea agreement [¶ C.9]; the remedies available to the government in

the event of a breach of the agreement by the defendant [¶ D]; the defendant's acknowledgment

that he had been effectively represented in this case [¶ E.3]; the parties' express

acknowledgment that the written plea agreement constituted the entire understanding between

the parties [¶ E.5]; and the substance of the agreement's other terms and provisions. See Rule

11(b)(1)(B)-(N) and 11(c)(1)-(3).

After which, the defendant was asked what his understanding of the terms of the

agreement was, and he testified that his understanding was precisely the same as that set forth

by the government's attorney; he further represented that he had reviewed and initialed every

page with his lawyer. Counsel for the defendant, likewise, represented that his understanding

was the same and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was shown the plea agreement; and he affirmed it to be his signature on the

document. He further testified that no one had made any other, different, or additional

promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no

one had attempted in any way to force him to plead guilty in this case. The agreement was then

received, filed, and made a part of the record. See Rule 11(b)(2).

After the range of punishments for the offense charged in Count One of the Indictment

had been outlined to the defendant, he acknowledged that he understood the maximum penalty

provided by law for conviction of Count One to be confinement in a federal penitentiary for ten

(10) years, a $250,000 fine, and a term of supervised release of three (3) years. He also

acknowledged that he understood the mandatory minimum penalty provided by law for

conviction of the offense charged in Count One of the Indictment if the Court determines he has

at least three prior convictions for serious drug offenses and/or violent felonies to be confinement

in a federal penitentiary for fifteen (15) years and a maximum sentence of imprisonment for life,

subject to a period of supervised release of five (5) years, pursuant to 18 U.S.C. § 924(e). He

acknowledged he understood that if the Court determines he does not have at least three prior

convictions for serious drug offenses and/or violent felonies, there will be no mandatory

minimum sentence and the maximum penalty provided by law for conviction of Count One will

be confinement in a federal penitentiary for ten (10) years, a $250,000 fine, and a term of

supervised release. See Rule 11(b)(1)(H)-(I). In addition, the defendant acknowledged that he

understood that he would be required to pay a mandatory $100.00 special assessment as to

Counts One. See Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him

being adjudged guilty of a felony offense and that such adjudication may deprive him of

valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on

a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's

determination of his sentence would include consideration of multiple factors, including: the

nature and circumstances of the offense; the defendant's history and characteristics; the

seriousness of the offense; the need to promote respect for the law; the need to provide for just

punishment and afford adequate deterrence; the need to protect the public; any determined need

to provide the defendant with educational or vocational training, medical care, or other

correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent

sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities;

6

any applicable forfeiture; and any need to provide for restitution.  See Rule 11(b)(1)(J)-(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a).  See Rule 11(b)(1)(M).  He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. See Rule 11(c)(3)(B).  He acknowledged that he knew parole had been abolished and that he would not be released on parole.  He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time.  See Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ C.1],  the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ C.2], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to

persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to

counsel to assist in his defense; his presumption of innocence; the obligation of the government

to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to

have cross-examined all witnesses presented against him; his right to decline to testify unless he

voluntarily elected to do so in his own defense; his right to remain silent; his right to the

issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in

his defense; and his right to a unanimous guilty verdict. See Rule 11(b)(1)(B)-(E). The

defendant testified that he understood his right to plead not guilty and the attendant trial rights

that he would waive by pleading guilty. See Rule 11(b)(1)(F).

The defendant acknowledged that in the event he received a more severe sentence than he

expected or the court did not accept any sentencing recommendation by the government, he

would still be bound by his guilty plea and would have no right to withdraw it. He stated he

knew parole had been abolished and he knew he would not be released on parole in the likely

event he received a sentence that included a period of imprisonment. In addition, he expressly

acknowledged that as part of his sentence the court may order him to serve a significant term of

post-incarceration "supervised release" and that if he violated the terms of his supervised

release he could be returned to prison for an additional period of time.

In direct response to further questioning, the defendant also testified that he was pleading

guilty to the offense charged in Count One because he had in fact knowingly possessed a

firearm, which had previously been shipped or transported in interstate or foreign commerce,

having been convicted of a crime punishable by imprisonment for a term exceeding one year.

To permit the court to determine whether an independent basis in fact existed for the

defendant's plea, counsel for the government orally proffered a Statement of Facts which

summarized the facts that the government was prepared to prove at trial to establish the offense charged against this defendant in Count One of the Indictment. The defendant and his counsel did not contest any of the facts set forth by the government. See Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. Thereupon, Count One of the Indictment was read to the defendant; he was called-upon for his plea, and he entered a plea of GUILTY to the offense charged in Count One alleging his violation of Title 18 United States Code, Section 922(g)(1). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it.

### GOVERNMENT'S EVIDENCE

The government proffered that matters leading to the Indictment occurred in Roanoke, Virginia, which is located in the Western District of Virginia. As to Count One on September 15, 2021, the defendant broke into his sister's Staunton Avenue home and stole three AR-style firearms from a gun cabinet in the living room. Home security video footage from outside the residence shows Mr. Burks approach the front door and then walk towards the back. He gained entry to the residence through the back door. He is later seen on video running out of the house

9

through the front door carrying something large and thin. Mr. Burks entered a gold sedan parked across the street, and the car drove off. Mr. Burks's sister later reported the three firearms as stolen.

Investigators surveilling the area located the gold sedan. They made contact with the defendant and arrested him on outstanding state warrants. In a post-*Miranda* interview, the defendant admitted to stealing the three firearms from his sister's Staunton Avenue residence, accurately described the firearms, and told investigators they were still in the gold sedan. He further acknowledged that he is a heroin addict and a convicted felon.

The driver and other passenger of the gold sedan told investigators that the defendant entered the Staunton Avenue residence and returned with firearms. The driver, who owned the vehicle, gave his consent for the investigators to retrieve the firearms from the rear floorboard of the vehicle.

The two Anderson Manufacturing, model AM-15, multi-caliber rifles, and the Diamondback Manufacturing, model DB-15, multi-caliber rifle are all firearms designed to expel a projectile by the action of an explosive. The firearms were not manufactured in the Commonwealth of Virginia, and thus have traveled in or affected interstate or foreign commerce.

At the time the defendant possessed the firearms, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant knew of this prior felony conviction and knew that he could not possess a firearm lawfully.

These events occurred in the Western District of Virginia.

### FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, I submit the following formal findings of fact, conclusions,

and recommendations:

1.    The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2.    The defendant is fully aware both of the nature of the charges set forth in Count One and of the consequences of his guilty plea;

3.    The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)-(N);

4.    The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5.    The defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6.    The defendant knowingly and voluntarily entered his said plea of guilty;

7.    The defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea agreement;

8.    The plea agreement complies with the requirements of Rule 11(c)(1); and

9.    The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, I RECOMMEND that the court accept the defendant's plea of guilty to the offense charged in Count One of the Indictment, that he be

11

adjudged guilty of the said felony offense, and that a sentencing hearing be set before the presiding district judge.

### NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by me. The presiding district judge may also receive further evidence or recommit the matter to me with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to Thomas T. Cullen, United States District Judge.

Enter: June 2, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

12